UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EARL BRIGGS,

          Plaintiff,

v.                                                                          Case Number: 2:11-cv-14001
                                                                            Honorable Sean F. Cox
THE HONORABLE RICHARD D. KUHN,
JESSICA COOPER, LAWRENCE KALUZNY,
UNNAMED COURT REPORTER, and
THE JUDICIAL TENURE COMMISSION,

          Defendants.
_____/

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

## I.  INTRODUCTION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Michael Earl Briggs is currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan.  He filed this *pro se* Civil-Rights Complaint on September 14, 2011.  He names the following as Defendants: (1) Former Circuit Court Judge Richard D. Kuhn, (2) Prosecutor Jessica Cooper, (3) Court Reporter John or Jane Doe from Tappert Court Reporting Service, (4) Appellate Attorney Lawrence Kaluzny, and (5) the Judicial Tenure Commission.  In his Complaint, which is rambling and difficult to understand, Plaintiff appears to claim that the judge was biased, that his appellate attorney "never commented on his testimony or recall no story," that the prosecutor denied him a copy of his transcripts, and that the Judicial Tenure Commission failed to properly investigate his claims.  Complaint, 3.  He is requesting monetary damages and dismissal of his charges.

For the reasons stated, the Court dismisses the Complaint under 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b) (1), for failure to state a claim upon which relief may be granted.  The Court also concludes that an Appeal cannot be taken in good faith.

## II.  DISCUSSION

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2) (B).  Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible.  *Denton*, 504 U.S. at 33.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's Complaint is subject to summary dismissal.

### A.  Claims Barred by *Heck v. Humphrey*

2

Plaintiff's Complaint is subject to dismissal for several reasons.  In his Complaint, Plaintiff makes conclusory statements against Defendants.  First, the Court finds those claims must be dismissed because it appears to the Court that he is challenging his state-court criminal proceedings, which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  This holds true regardless of the relief sought by Plaintiff.  *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  If Plaintiff were to prevail on the claims contained in his Complaint, the validity of his continued confinement would be called into question.  Such claims are barred by *Heck* and must be dismissed.

B.  Claims Against Former Circuit Court Judge Richard D. Kuhn

To the extent Plaintiff is requesting damages against Former Judge Kuhn, the Court finds that he is entitled to absolute immunity in this case.  Plaintiff fails to make any specific allegations with regard to the individual judge.  Ostensibly, Plaintiff sues this judge because he presided over some portion of his criminal proceedings.

Judges and judicial employees are entitled to absolute judicial immunity on claims for

damages.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446-47 (E.D. Mich. 2006) (judges are entitled to absolute judicial immunity).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11.  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12.

Plaintiff's Complaint fails to implicate either of the exceptions to judicial immunity. Plaintiff's challenge to the proceedings involves the performance of judicial duties by Defendant Judge Kuhn.  For the reasons stated, Defendant Judge Kuhn is absolutely immune from suit for such conduct and the claim against him must be dismissed on that basis.

### C.  Claims Against Oakland County Prosecutor Jessica Cooper

Plaintiff's action against Oakland County Prosecutor Jessica Cooper also must be dismissed because prosecutors are immune from suit for actions taken during the prosecution of a plaintiff. Plaintiff fails to state his claim or claims against Defendant Cooper.

Nevertheless, "[a]bsolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability."  *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).  A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal

4

process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 430-31. As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

In the present case, any decisions by Oakland County Prosecutor Jessica Cooper to prosecute Plaintiff, her advocacy in court, her communication with witnesses, and her decisions regarding the disposition of the case are all part of her role as advocate for which she is entitled to absolute prosecutorial immunity. The claims against Prosecutor Cooper must be dismissed.

### D. Claims Against Appellate Attorney Lawrence Kaluzny

Plaintiff's suit against Appellate Attorney Lawrence Kaluzny also must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Attorneys performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). Even though the defective performance of a criminal defense attorney, albeit an appellate attorney, may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329 n.6 (1983); *see also Dunning v. Yuetter*, 12 F.App'x. 282, 284 (6th Cir. 2001) (criminal defense attorneys did not act under color of state law for purpose of § 1983).

Prisoners have no constitutional right to attorneys in civil cases, *see Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987), and the state was not obligated to provide one for the prisoners to file civil suits against it. Thus, Defendant Kaluzny was filling an "essentially private function" and

cannot be deemed a state actor for purposes of § 1983.  *Polk Cnty.*, 454 U.S. at 319.  Accordingly, the Court will dismiss the claims against Defendant Lawrence Kaluzny.

### E.  Claims Against Court Reporting Service

Plaintiff also is suing an unnamed Court Reporter from the Tappert Court Reporting Service. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees are entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applies to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts).

Defendant Unnamed Court Reporter, in his or her role as a court clerk and court reporter complying with a court order for production of transcripts, clearly was performing tasks integral to the state judicial process and at the direction of the judge, who is entitled to judicial immunity for

the function.  Defendant Unnamed Court Reporter therefore is entitled to quasi-judicial immunity.

Moreover, the Court finds that Plaintiff's claims against Unnamed Defendant Court Reporter are conclusory.  Plaintiff's conclusory allegations, that Defendant Unnamed Court Reporter violated his rights without any specific claim that injury resulted, are insufficient to sustain a claim.  *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) ("Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim.").

### F.  Claims Against Judicial Tenure Commission

Regarding the Judicial Tenure Commission as a Defendant, Plaintiff does not allege any facts in his Complaint as to how the Commission was involved in his case.  To the extent that he claims that they failed to properly investigate his claims, Plaintiff has no constitutional right to any investigation by the Commission concerning the judge.  Moreover, the scope of investigation by the Commission is a pure matter of state law.  The Constitution does not guarantee Plaintiff a thorough review of his complaint, or for that matter, any review at all.  Furthermore, members of the Commission perform functions that are equivalent to the job performed by judges in court proceedings, and, thus, are entitled to absolute quasi-judicial immunity.  *See Doe v. Michigan Attorney Discipline Bd.*, No. 95-1259, 1996 WL 78312 (6th Cir. Feb. 22, 1996) (actions taken by Committee on Character and Fitness and its members, in denying application for admission to state bar, were "judicial acts" to which absolute immunity attached); *see also Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428 (6th Cir. 1998) (Kentucky Committee on Character and Fitness and its members are entitled to absolute quasi-judicial immunity); *Eston v. Van Bolt*, 728 F.Supp. 1336 (E.D. Mich. 1990) (Attorney Grievance Commission members entitled to absolute

quasi-judicial immunity).

For those reasons, Plaintiff has failed to state a claim against Defendant Judicial Tenure Commission.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may granted under 42 U.S.C. § 1983.  The Court therefore DISMISSES Plaintiff's Civil-Rights Complaint.

Plaintiff's claims are DISMISSED WITH PREJUDICE except to the extent that his claims fall under the rubric of *Heck*, which claims are DISMISSED WITHOUT PREJUDICE until his criminal convictions have been invalidated.  When a prisoner's civil-rights claims are barred by the *Heck v. Humphrey* Doctrine, the appropriate course for a federal district court is to dismiss the claims for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the Complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his convictions or sentences are later invalidated.  *See Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004).

Additionally, the Court concludes that an Appeal from this Order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


Dated:  December 19, 2011                         S/ Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Court Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EARL BRIGGS,

        Plaintiff,

v.                                                    Case Number: 2:11-cv-14001
                                                      Honorable Sean F. Cox

THE HONORABLE RICHARD D. KUHN,
JESSICA COOPER, LAWRENCE KALUZNY,
UNNAMED COURT REPORTER, and
THE JUDICIAL TENURE COMMISSION,

        Defendants.

_____/

PROOF OF SERVICE

        I hereby certify that on December 19, 2011, the foregoing document was served upon

counsel of record by electronic means and upon Michael Briggs by First Class Mail at the

address below:

Michael Briggs
198405
Parr Highway Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

Dated:  December 19, 2011                        S/ J. Hernandez_____
                                                 Case Manager

9